IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02233-WYD-MJW

CBS OUTDOOR, INC., a Delaware Corporation,

Plaintiff(s),

v.

800 LINCOLN LLC, a Colorado Limited Liability Company,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER TO DESIGNATE A
THIRD EXPERT WITNESS (DOCKET NO. 35)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Amend Scheduling Order to Designate a Third Expert Witness (docket no. 35). The court has reviewed the subject motion (docket no. 35) and the response (docket no. 38) thereto. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

    2.    That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in the subject motion (docket no. 35), Plaintiff requests that this court allow a third expert witness to be endorsed. Plaintiff seeks leave to endorse Bruce Brenneman as its third expert witness. In this case, Mr. Brenneman has already provided a declaration which was attached to Plaintiff's Response to Defendant's Motion for Summary Judgment (docket no. 21). Plaintiff argues that Mr. Brenneman's expert testimony would be consistent with his declaration and would focus on current customs and practices within the outdoor advertising industry, including, but not limited to, customary standards regarding the ownership and conveyances of rooftop signs, and the customary usage of terms in the industry. Furthermore, Plaintiff argues that Mr. Brenneman will likely be a fact witness even if he is not permitted to be designated as an expert witness; and

5. That Plaintiff has established "good cause" to amend the Scheduling Order and to allow a third expert to be endorsed. See Scheduling Order (docket no. 20), Section 13, page 11, wherein it states, "[t]he scheduling order may be altered or amended only upon a showing of good cause."

Accordingly, the subject motion (docket no. 35) should be granted.

3

The court notes that no trial date has been set in this matter. The Final Pretrial Conference is not set until August 20, 2012. In the event that any party believes that an extension of the discovery cut off date is needed, such party may move to extend discovery for a reasonable period and to alter any other deadlines. Thus, any prejudice that might arise from this Order is capable of being cured.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion to Amend Scheduling Order to Designate a Third Expert Witness (docket no. 35) is **GRANTED**;

2. That each side may endorse a third expert witness. The Rule 16 Scheduling Order (docket no. 20) is amended consistent with this Order;

3. That the parties shall designate their third expert witness consistent with Fed. R. Civ. P. 26(a)(2)(B) on or before April 23, 2012; and

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 11th day of April 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE