IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  11-cv-02233-WYD-MJW

CBS OUTDOOR, INC., a Delaware Corporation,

      Plaintiff,

v.

800 LINCOLN LLC, a Colorado Limited Liability Company,

      Defendant.

---

## ORDER

---

THIS MATTER is before the Court on Defendant's Motion for Certification of Final Judgment Pursuant to F.R.C.P. 54(b) and for Stay filed November 8, 2012. Plaintiff filed a response in opposition to the motion on November 30, 2012, and a reply was filed on December 14, 2012.

Defendant asserts in its motion that the Order on Summary Judgment Motions filed September 24, 2012, constitutes a final order and that there is no just reason to delay its entry as a final judgment.  For the reasons stated below, Defendant's Motion for Certification of Final Judgment Pursuant to F.R.C.P. 54(b) and for Stay is denied.

Rule 54(b) of the Federal Rules of Civil Procedure provides in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The Tenth Circuit has made clear that "'Rule 54(b) entries are not to be made routinely . . . .'" *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (quotation omitted).

Thus, certification under Rule 54(b) "is appropriate only when the district court 'adheres strictly to the rule's requirement that a court make two express determinations.'" *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quotation omitted). "First, the district court must determine that its judgment is final." *Id.* (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980)). "Second, the district court must determine that no just reason for delay of entry of its judgment exists." *Id.* (citing *Curtiss-Wright*, 446 U.S. at 8).

In the case at hand, Plaintiff asserts claims for declaratory judgment, breach of contract and breach of the duty of good faith and fair dealing. Plaintiff's first claim for relief is for a declaratory judgment that (a) Plaintiff "is the legal owner" of an outdoor advertising sign ("the Sign"), "which consists of the entire metal structure or framework above the Roofline of the Building" ("the ownership issue") and (b) Plaintiff "could remove the Sign and its framework from the building ("the removal issue"). (Compl. ¶ 62.) Plaintiff's second claim, also for declaratory relief, seeks a declaration that "regardless of what entity is determined to be the ownership of the existing Sign, no party, other than [Plaintiff], can maintain or operate any off-site commercial advertising on the Building until January 2, 2016" ("the advertising issue"). (Compl. ¶ 67.) The third and fourth claims are for breach of contract and breach of good faith and fair dealing claims (the "contract claims"), and are based upon Defendant's termination of a Lease

related to the Sign.  Defendant's counterclaim for declaratory judgment requests a declaration that it is the owner of the framework of the Sign and the advertising rights related thereto.  (Counterclaim ¶ 42.)

The Order on Summary Judgment did not dispose of all claims.  While it resolved the portion of Plaintiff's declaratory judgment claims relating to ownership and advertising as well as Defendant's declaratory judgment counterclaim, Plaintiff's declaratory judgment claim was resolved only partially as to the issue of removal of the Sign.  Specifically, I found in that Order "that in executing the Lease, whatever legal rights either of the parties might otherwise have had regarding the Sign and/or its Framework or however the Sign might otherwise be characterized (an improvement, appurtenance, trade fixture, etc.), the parties unambiguously agreed that the Sign and its Framework was and would remain the property of CBS and was subject to removal by it."  (Order on Summ. J. Mots. at 26.)  Thus, while I found that Plaintiff was entitled to remove the Sign as its owner, I found that there were genuine issues of material fact as to whether the Framework of the Sign could be removed by Plaintiff without material damage to the building.  (*Id.* at 27.)  Accordingly, the removal issue was not fully resolved.  Plaintiff's claims for breach of contract and breach of duty of good faith and fair dealing also remain pending, and were not the subject of the summary judgment motions.  Thus, I must determine whether the requirements of Rule 54(b) are met for certification.

"To be considered 'final,' an order must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"

*Okla. Turnpike Auth.*, 259 F.3d at 1242 (quotation omitted). "While the exact definition of 'claim' for purposes of Rule 54(b) is unsettled, . . .a 'claim' is generally understood to include all factually or legally connected elements of a case." *Id.* "Thus, a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." *Id.* "In determining whether claims are separable, courts should 'consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible.'" *Inola Drug, Inc. v. Express Scripts, Inc.*, 390 F. App'x 774 (10th Cir. 2010) (quoting *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005)).

In the case at hand, Defendant argues that the remaining declaratory judgment claim relating to removal and the contract claims are distinct and separable from the claims resolved in the summary judgment order because they are predicated upon independent factual bases. According to Defendant, the removal claim involves whether the Framework can be removed without causing material injury to the building, and the contract claims involve the propriety of Defendant's termination of the Lease.

I disagree and find that the summary judgment order was not final for purposes of Rule 54(b). I agree with Plaintiff that the ownership issue of the Sign that has been resolved is integrally related to the removal issue that remains. Both the ownership and removal issue were asserted in a single claim for relief seeking a declaration that Plaintiff owns the Sign and, as the owner, is entitled to remove the Sign. The ownership and removal issues also turn on the same provision of the parties' lease; thus, they involve a common legal issue and are not separable. Indeed, I found in favor of Plaintiff

on both the removal and ownership issue based on the language of the lease.  The only issue remaining on the removal issue relates to factual issues regarding whether the Sign can be removed without material damage.  I also note that Defendant's argument on ownership in its summary judgment briefing was based in large part on issues of removability and mobility.

Defendant apparently would have two appellate panels (one focusing solely on ownership and one solely on removal) interpreting the same provisions of the Lease and the impact of that contractual language on common law doctrines raised by it.  Both appeals would also require that the appellate panels become familiar with the same factual details of the structure of the Sign and the Building.  This shows the interrelatedness of the claims, and also shows that certification would promote piecemeal appeals.  *See, e.g., McAdams v. McCord*, 533 F.3d 924, 929 (8th Cir. 2008) (rejecting Rule 54(b) certification that would result in piecemeal appeals arising out of the same factual allegations and would require a future court to "refamiliarize itself with this same complex set of facts"); *see also Stewart v. Gates,* 277 F.R.D. 33, 37 (D.D.C. 2011) (denying certification of claims that involved the same "nucleus of facts" for the remaining claims).

I also find that the second element required for certification is not met. Defendant has not shown that there is no just reason for delay of entry of judgment. Indeed, as discussed in the previous paragraph, a second appeal of the removal issue would require the court of appeals to revisit the same issues decided in the first appeal. Certification is not appropriate under those circumstances.  *See Jordan,* 425 F.3d at

827.  Indeed, in making a certification determination under Rule 54(b) I must take into account "judicial administrative interests as well as the equities involved."  *Curtiss-Wright Corp.*, 446 U.S. at 7.

I also note on the judicial efficiency issue that I disagree with Defendant's argument that if it were determined the owner of the Framework of the Sign on appeal, Plaintiff's contract claims would be rendered moot.  Even if Defendant was declared the owner of the Sign, Plaintiff's claims that it suffered damages by Defendant's wrongful termination of the Lease and prevention of the collection of advertising revenues through the term of the Lease would still be viable.  Finally, I find on the judicial efficiency issue that certification of the removal issue is not appropriate as the only remaining issue regarding removal should be able to be resolved promptly as there is only a small portion of the Sign that remains in dispute.

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Certification of Final Judgment Pursuant to F.R.C.P. 54(b) and for Stay (ECF No. 52) is **DENIED**.  It is

FURTHER ORDERED that the parties shall **jointly** contact my Chambers at (303) 844-2170 on or before **Friday, January 18, 2013,** to schedule a status conference.

Dated:  January 10, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge